**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **TALIB MOHAMMAD ALRUBAI,**<br><br>Plaintiff,<br><br>v.<br><br>**ROBERT RAINES, *et al.*,**<br><br>Defendants. | No. 25-cv-2741 (TSC) |

## <u>MEMORANDUM OPINION</u>

Plaintiff Talib Mohammad Alrubai seeks to compel Defendants Robert Raines, Eric Gaudiosi, and Marco Rubio, in their official capacities as Consul General of the U.S. Consulate in Dubai, the Chargé d'Affaires of the U.S. Embassy in the United Arab Emirates, and the Secretary of State, respectively, to adjudicate his nonimmigrant visa application.  Compl. ¶ 1, ECF No. 1. Plaintiff seeks relief under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), and the Mandamus Act, 28 U.S.C. § 1361, for Defendants' allegedly unreasonable delay in processing his application.  Compl. ¶¶ 31–47, 40–59.  Defendants move to dismiss this action under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and under Rule 12(b)(6) for failure to state a claim.  Defs.' Mot. to Dismiss, ECF No. 4.  For the reasons set forth below, the court will GRANT Defendants' Motion and dismiss this action.

## I.     BACKGROUND

Plaintiff is a citizen of the United Kingdom residing in the United Arab Emirates who filed a B-1/B-2 visa application on January 10, 2025.  Compl. ¶¶ 13, 17.  On January 29, 2025, Plaintiff was interviewed at the U.S. Consulate General in Dubai.  *Id.* ¶ 19.  After his interview, Plaintiff

received a notice that his application was "refused under Section 221(g) of the United States Immigration and Nationality Act"[1] and "subject to administrative processing," which, by its own terms, "constitute[d] a denial of a visa." *Id.* ¶ 20; Exhibit 1, ECF No. 1-1. On February 27, 2025, consular officials informed Plaintiff that his visa application remained "refused under Section 221(g) of the Immigration and Nationality Act until the required administrative processing is complete" and asked him to submit additional information and documentation. Compl. ¶ 21; Exhibit 2 at 3, ECF No. 1-2. Upon receipt of Plaintiff's additional information, officials again notified him that his visa application was "refused for administrative processing under section 221(g)." Compl. ¶ 22; Exhibit 2 at 5. As of the date Plaintiff filed his Complaint, the State Department's Consular Electronic Application Center website also indicated that Plaintiff's visa application was "adjudicated and refused" and would remain refused through the completion of any additional administrative processing, at which point Plaintiff would "receive another adjudication." *Id.* ¶ 24; Exhibit 3, ECF No. 1-3. In August 2025, Plaintiff filed suit under the APA and Mandamus Act to compel adjudication of his application, alleging that the delay has caused him significant harm, including "personal, emotional, and financial hardship." Compl. ¶¶ 3–7.

## II.    LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), a plaintiff must establish that the court has subject matter jurisdiction over their claims. *Moms Against Mercury v. FDA*, 483 F.3d 824, 828 (D.C. Cir. 2007). In evaluating such motions, courts "assume

---

[1] Under Section 221(g), a consular officer must refuse to issue a visa if it appears "from statements in the application, or in the papers submitted therewith" that the "alien is ineligible" for a visa under any "provision of law" or if the "officer knows or has reason to believe that such alien is ineligible to receive a visa." 8 U.S.C. § 1201(g).

the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)).  The court may nonetheless consider "any documents either attached to or incorporated in the complaint and matters of which [courts] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

A motion under Rule 12(b)(6) "tests the legal sufficiency of a complaint."  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  As with a 12(b)(1) motion, courts "treat the complaint's factual allegations as true" and "grant plaintiff the benefit of all inferences that can be derived from the facts alleged." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quotation marks and citation omitted).  That said, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  Moreover, a court need not accept as true "a legal conclusion couched as a factual allegation," nor "inferences . . . unsupported by the facts set out in the complaint." *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (internal quotations and citations omitted).

III.   ANALYSIS

Under the APA, courts may "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).  Likewise, under the Mandamus Act, "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. To prevail under either statute, however, a plaintiff must "identify a legally required, discrete act

that the agency has failed to perform." *Karimova v. Abate*, No. 23-5178, 2024 WL 3517852, at *3 (D.C. Cir. July 24, 2024) (cleaned up); *see also Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004).  For both his claims, Plaintiff largely relies on the INA and its implementing regulations, which require consular officers to either "issue," "refuse," or "discontinue granting" a visa application that has been "properly completed and executed" in accordance with the INA and its implementing regulations, 22 C.F.R. § 41.121(a); *see also* 8 U.S.C. § 1202(d) ("All nonimmigrant visa applications shall be reviewed and adjudicated by a consular officer."), as the source of Defendants' required act, *see* Compl. ¶¶ 33–34, 53.  But Plaintiff has "already received" the "official refusal" to which he is entitled.  *Karimova*, 2024 WL 3517852, at *4.

To the extent Plaintiff suggests that Defendants owed a separate duty to adjudicate his application within a given timeframe under the APA and the INA, *see* Compl. ¶ 37–38 (citing 5 U.S.C. § 555(b)); *id.* ¶ 41 (citing 8 U.S.C. § 1571(b)); *id.* ¶ 56 (citing 8 U.S.C. § 1158(d)(5)(A)(ii)-(iii)), the consul's Section 221(g) refusal similarly fulfilled it.  *See Karimova*, 2024 WL 3517852, at *4 ("Section 555(b) *at most* could have entitled her to the official refusal decision she already received." (emphasis in original)); *Hemmat v. Blinken*, No. 23-cv-2085, 2024 WL 4210658, at *4 (D.D.C. Sep. 17, 2024) (explaining that any duties imposed by "[l]aws and regulations requiring consular officers 'properly and promptly' process visa applications" "were satisfied when Plaintiffs' application[s] were 'refused,'" (citations omitted)); *Soleymani v. Rubio*, No. 25-cv-4284, 2026 WL 1352422, at *2 (D.D.C. May 14, 2026) (concluding that the agency fulfilled any duty to "timely adjudicate" the plaintiff's visa application "under the INA and its implementing regulations" when it issued its Section 221(g) refusal).

Plaintiff counters that a Section 221(g) refusal followed by administrative processing is not "final," thus the agency has not discharged its duty to timely adjudicate his visa.  *See* Pl.'s Opp'n

to Defs.' Mot. to Dismiss at 17 ("Pl.'s Opp'n"), ECF No. 6.  But as the D.C. Circuit has explained, even if a consular officer places an executed application into administrative processing after refusing it, the officer has still issued a formal and official refusal that discharges any duty to act. *Karimova*, 2024 WL 3517852, at \*3–4 (rejecting the plaintiff's claim that "the consular officer was required to either issue her a visa or refuse her application, without then also placing it in administrative processing").  The court is unpersuaded by Plaintiff's attempt to distinguish *Karimova* based on the difference between the alleged statutory source of the agency's duty in *Karimova*—the APA—and the statutory and regulatory sources alleged here—the INA, its implementing regulations, *and* the APA.  *See* Pl.'s Opp'n at 18–19.  Indeed, as another judge on this court explained, "[m]oving under the APA," as opposed to the INA, "does not make a difference" because "one cannot read *Karimova* as saying anything other than a 221(g) refusal and placement in administrative processing *was* a conclusion."  *Ibrahim v. Spera*, No. 23-cv-3563, 2024 WL 4103702, at \*3 (D.D.C. Sept. 6, 2024) (emphasis in original); *see also Voghouei v. Sec'y of Homeland Sec.*, No. 25-cv-1893, 2026 WL 1362511, at \*6 (D.D.C. May 15, 2026); *Rezvani v. Rubio*, No. 24-cv-03381, 2025 WL 1293358, at \*1 (D.D.C. May 5, 2025); *Pasiukevich v. Lawton*, No. 24-cv-3349, 2025 WL 2023207, at \*3–4 (D.D.C. July 17, 2025).

Finally, Plaintiff suggests that even if it did apply, *Karimova* is unpublished and therefore non-binding.  *See* Pl.'s Opp'n at 9–10, 17–18.  Although "courts in this district are split on whether unpublished circuit decisions like *Karimova* are binding," *Seifan v. Sweeney*, No. 25-cv-261, 2025 WL 2171093, at \*3 (D.D.C. July 31, 2025) (collecting cases), this court has already concluded that it "must follow" *Karimova*, *Ariani v. Rubio*, No. 25-cv-349, 2025 WL 3653503, at \*4 (D.D.C. Dec. 17, 2025) (quoting *Deylami v. Kvien*, No. 23-cv-1393, 2025 WL 219064, at \*5 (D.D.C. Jan. 16, 2025)).  Unpublished D.C. Circuit decisions are not binding on future *Circuit* panels, *see In re*

*Grant*, 635 F.3d 1227, 1232 (D.C. Cir. 2011), but are nonetheless "precedential" if entered on or after January 1, 2002, *Davis v. U.S. Sent'g Comm'n*, 716 F.3d 660, 666 n.2 (D.C. Cir. 2013); *see also* D.C. Cir. R. 32.1(b)(1)(B). Given "our hierarchical system of absolute vertical stare decisis," *Klayman v. Obama*, 805 F.3d 1148, 1149 (D.C. Cir. 2015) (Kavanaugh, J., concurring in the denial of rehearing en banc), "the court will not depart from a reasoned, unanimous decision of the Court of Appeals on a squarely presented question." *Soleymani*, 2026 WL 1352422, at \*2.

In any event, *Karimova* "is still a case decided by the Circuit that contains reasoning that the Court finds persuasive." *Pour v. Rubio*, No. 25-cv-573, 2025 WL 2374559, at \*5 (D.D.C. Aug. 14, 2025) (cleaned up). That the "State Department may 're-open and re-adjudicate' a refused application based on new information does not undo the refusal already entered or reset any statutory or regulatory duty to timely adjudicate." *Soleymani*, 2026 WL 1352422, at \*3 (quoting *Karimova*, 2024 WL 3517852, at \*2, \*4–5). Indeed, "[n]othing in federal law" restricts the "ability of a consul, after making that decision, to hold onto the application in case circumstances later change in the applicant's favor, thereby saving the applicant the time and cost of filing a whole new visa application." *Karimova*, 2024 WL 3517852, at \*4. Of course, "[h]ad the defendants taken no adjudicatory action, the Court does not doubt its power to compel the agency to issue a decision—up or down—on a long-pending application." *Datta v. Rubio*, No. 24-cv-2937, 2025 WL 752643, at \*8 (D.D.C. Mar. 10, 2025) (internal quotations and citation omitted). Here, however, Plaintiff "received the 'refused' decision that the law expressly authorizes as one of the allowed actions on a visa application." *Karimova*, 2024 WL 3517852, at \*4. That is sufficient to preclude the APA and mandamus relief that Plaintiff seeks.

## IV.    CONCLUSION

For the foregoing reasons, the court will GRANT Defendants' Motion to Dismiss.  A separate order will follow.


Date:  July 10, 2026


*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge